IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DANIEL FARRIS                                                                                         PLAINTIFF

VS.                                          CASE NO. 11-CV-4042

NCO FINANCIAL SYSTEMS, INC.                                                         DEFENDANT

**ORDER**

Before the Court is Plaintiff's Motion for Attorney's Fees and Costs. (ECF No. 12). Defendant has responded. (ECF No. 13). Plaintiff has filed a reply. (ECF No. 15). The Court finds the matter ripe for consideration.

Plaintiff brought a cause of action against Defendant, pursuant the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. On August 12, 2011, Plaintiff filed his acceptance of Defendant's Offer of Judgment. (ECF No. 10). Plaintiff was awarded $500.00 as statutory damages and $200.00 as actual damages. (ECF No. 11). Plaintiff was also awarded attorney's fees and reasonable costs, with a specific reservation of the issue of Plaintiff's costs and attorney's fees to be determined by the Court. Plaintiff now moves the Court to determine the amount of costs and attorney's fees to be awarded.

Under the FDCPA, a plaintiff in a "successful action to enforce [FDCPA] liability" can recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Here, Plaintiff moves the Court to award him costs in the amount of $350.00 and attorney's fees in the amount of $3,049.20. Defendant has no objection to the costs; however Defendant opposes the amount of time and the hourly rates being charged by Plaintiff's attorneys.

The starting point for determining attorney's fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). The Court has reviewed Plaintiff's documentation supporting his

claim for attorney's fees and agrees with Defendant that the request for attorney's fees is excessive. According to Plaintiff's attorney, the preparation of Plaintiff's case involved 7.6 hours of work performed by three attorneys and four hours of work performed by a paralegal. The Court finds that the amount of time spent working on this case is reasonable.

Other than the amount of time spent on the case, there are other considerations that are relevant in determining the reasonableness of the fees. *Casey v. City of Cabool, Mo.*, 12 F.3d 799, 805 (8th Cir. 1993). One such consideration is the relevant market involved or the customary fees for similar work in the community. *See id*. Here, the Court finds that customary fees for similar work in the community of Texarkana, Arkansas, are as follows:

> partner in a law firm–$250.00 per hour;
> an associate–$150.00 per hour;
> and a paralegal–$75.00 per hour.

The Court finds it reasonable and appropriate to reduce the amount of the attorney's fees requested in this case by using the rates as set forth above. Using the number of hours spent working on this case and multiplying by the respective hourly rates as set forth above, the Court arrives at the lodestar calculation of $2,010.00.[1]

For the reasons set forth above, the Court concludes that reasonable attorney's fees in this case are $2,010.00. Accordingly, Plaintiff is awarded $2,010.00 in attorney's fees, together with $350.00 in costs.

**IT IS SO ORDERED**, this 8th day of November, 2011.

> /s/ Susan O. Hickey
> Hon. Susan O. Hickey
> United States District Judge

---

[1] The specific fees that the Court finds reasonable are set forth as follows: $450.00 for the work of Adam Krohn (1.8 hours); $975.00 for the work of James Pacitti (3.9 hours); $285.00 for the work of Shireen Hormozdi (1.9 hours); and $300 for the work of the paralegal (4 hours).